IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LANCE S. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3286 |
| | ) | |
| WILLIE MAE NEWBON, | ) | |
| R.J. FLECK, AMY WOLFF and | ) | |
| LESLIE GRAVES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Judge Leslie Graves' Motion to Dismiss (Graves Motion) (d/e 16), Memorandum of Law in Support of Defendant's Motion to Dismiss (d/e 17), Defendant Officer R.J. Fleck's Motion to Dismiss (Fleck Motion) (d/e 19), Memorandum in Support of Defendant's Motion to Dismiss the Complaint (d/e 19-1), Defendant Amy Wolff's Motion to Dismiss (Wolff Motion) (d/e 21), and Memorandum of Law in Support of Motion to Dismiss (d/e 22) (collectively Motions).  Pro se Plaintiff Lance S. Jones has filed his Response to Defendant[']s Motion to Dismiss (Response to Graves Motion) (d/e 23)

1

(directed at the Graves Motion). Plaintiff did not respond to the Fleck Motion or the Wolff Motion by the April 15, 2010, deadline. The Court granted Plaintiff until May 20, 2010, to respond to the Motions, but he did not do so. See Text Order of April 29, 2010. Accordingly, the Court assumes that Plaintiff has no objection to the Fleck Motion or the Wolff Motion. For the reasons set forth below, the Graves Motion, Fleck Motion, and Wolff Motion are granted.

## FACTS

According to the Complaint (d/e 1), at approximately 1:30 p.m. on May 23, 2009, Plaintiff was at home cleaning the apartment he shared with his girlfriend, Krystal Beck, in Springfield, Illinois. Beck had been arrested the previous day for domestic battery. While Plaintiff was cleaning the apartment, Defendant Officer Fleck approached Defendant Willie Mae Newbon, Plaintiff's landlord at the time, and requested a key to Plaintiff's apartment. Newbon believed that a burglary was taking place in Plaintiff's apartment. Officer Fleck did not have Plaintiff's or Beck's consent to search the apartment, and he did not have a search or arrest warrant. Newbon provided Fleck with the key.

Fleck went to Plaintiff's apartment and entered, allegedly with his gun

drawn and threatening "fatal action." Complaint, p. 6. Fleck, who had responded to the domestic disturbance at the apartment the day before, arrested Plaintiff for burglary, and conducted a search of the apartment. Fleck discovered two envelopes addressed to Plaintiff; these pieces of mail demonstrated that Plaintiff, who is a registered sex offender in the State of Illinois, had failed to notify of a change of address as required under Illinois law. Plaintiff asserts that he had only lived in the apartment for three days, and that, under Illinois law, he had five days to notify the State of his change of address.

Plaintiff was charged with unlawful failure to register as a sex offender and prosecuted by Defendant Wolff, an Assistant State's Attorney (ASA) for Sangamon County, Illinois. Plaintiff alleges that Wolff brought this charge against him despite knowing that Defendant Fleck had arrested Plaintiff in contravention of the Fourth Amendment to the U.S. Constitution. Plaintiff's criminal case was assigned to Judge Leslie Graves, who held a preliminary hearing on June 11, 2009. Plaintiff alleges that Judge Graves "bogusly found probable cause" to detain him pending trial, and that Judge Graves knew that Defendant Fleck had violated Plaintiff's Fourth Amendment rights, and that Defendant Wolff had falsely charged

Plaintiff. Id. Plaintiff further claims that Judge Graves consistently ruled against him because he is a registered sex offender. Despite this allegation, Judge Graves dismissed the charge against Plaintiff on October 26, 2009, on motion of the State.

Plaintiff claims that Defendants Fleck and Wolff conjured up the criminal charge against him "on a revenge basis" because of his previous encounters with both Defendants. Id., p. 6, 7. Specifically, Plaintiff claims that Defendant Fleck had threatened to "get [Plaintiff]!" after a verbal altercation between the two in November 2008. Id., p. 6. Plaintiff alleges that Wolff maliciously prosecuted him because Plaintiff "obtained a number of dismissals against her" during the past five years. Id., p. 7. Plaintiff claims that Wolff said that she "would get [Plaintiff] if its [sic] the last thing [she ever does]!" Id., p. 7.

Plaintiff brings this lawsuit under 42 U.S.C. § 1983, seeking "financial compensation" from each Defendant, in addition to a public apology and promise that there will not be any "reprisals for this lawsuit" and "that the harrassment [sic] will also end as well." Complaint, p. 7-8.

## ANALYSIS

Defendants Graves, Fleck, and Wolff argue that Plaintiff's Complaint

4

should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). The Seventh Circuit has held that a claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

For purposes of a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in a complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court will address each Defendant's Motion in turn.

I.   GRAVES' MOTION

Judge Graves offers two arguments in support of dismissing Plaintiff's

5

Complaint.  First, she argues that she is entitled to judicial immunity.  In the alternative, Judge Graves argues that she is entitled to qualified immunity.  Plaintiff admits that Judge Graves may be entitled to judicial and qualified immunity under certain circumstances, but argues that she is not immune to his lawsuit because her actions in the underlying criminal case constituted "a personal crusade" against Plaintiff.  <u>Response to Graves Motion</u>, p. 1.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federal constitutional right by an individual or individuals acting under color of state law.  42 U.S.C. § 1983; <u>Jones v. Wilhelm</u>, 425 F.3d 455, 465 (7th Cir. 2005).  However, judges have traditionally been immunized from civil lawsuits in order to protect their independence, promote finality of judgments, and discourage collateral attacks.  <u>Forrester v. White</u>, 484 U.S. 219, 226 (1988); see <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) (noting that absolute judicial immunity applies in § 1983 cases).  The doctrine of judicial immunity thus insulates judges from "vexatious actions prosecuted by disgruntled litigants." <u>Id.</u>  A judge demonstrates that she is entitled to immunity by proving that her actions: (1) were within her jurisdiction; and (2) were performed in her

6

judicial capacity.  Dellenbach v. Letsinger, 889 F.2d 755, 759 (7th Cir. 1989).

The Court need not address Judge Graves' qualified immunity argument because it finds that she is entitled to absolute judicial immunity from suit.  The actions Plaintiff complains of were performed by Judge Graves in her capacity as presiding judge over Plaintiff's underlying criminal case, and Plaintiff admits as much.  See Response to Graves Motion, p. 4. In essence, Plaintiff complains that Judge Graves' finding of probable cause to detain him pending trial was tainted because she has a bias against sex offenders like Plaintiff.  Judge Graves made the judicial determination of probable cause in her capacity as a judge.  Even accepting Plaintiff's bias allegation as true, which the Court must do at the motion to dismiss stage, Judge Graves is still entitled to absolute immunity because the U.S. Supreme Court has made clear that judicial immunity applies even when a plaintiff alleges that a judge acted "maliciously and corruptly."  Pierson v. Ray, 386 U.S. 547, 554 (1967).

Judge Graves is entitled to judicial immunity from suit, and accordingly the Court grants the Graves Motion.

## II.   FLECK MOTION

Defendant Fleck argues that Plaintiff's false arrest claim under the Fourth Amendment should be dismissed because Fleck had probable cause to arrest Plaintiff.  In the alternative, Fleck argues that he is entitled to qualified immunity.  Plaintiff has not responded to the Fleck Motion, and the Court proceeds assuming that Plaintiff has no objection to it.

"[A] peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." Pierson, 386 U.S. at 555.  Thus, probable cause is a defense to a false arrest claim brought pursuant to § 1983. Id. at 555-56.  An officer has probable cause to arrest a suspect if he "reasonably believes, in light of the facts known to [him] at the time, that a suspect had committed or was committing an offense." United States v. Reed, 443 F.3d 600, 603 (7th Cir. 2006).

Again, the Court need not address the qualified immunity argument because it finds that, even reading the Complaint in the light most favorable to Plaintiff, Fleck had probable cause to arrest Plaintiff.  Fleck believed, based on information he received from Newbon, that a burglary was taking place in the apartment.  Fleck obtained the master key from Newbon and

entered the apartment. During the course of his investigation, Fleck discovered mail addressed to Plaintiff. Fleck reasonably believed that Plaintiff was living at the apartment and knew, based on the events of the day before, that Plaintiff had not registered as a sex offender at that address, as required by Illinois law. The fact that the charges against Plaintiff were later dismissed does not matter because at the time of the arrest, Fleck had a reasonable suspicion, based on the attendant facts and circumstances, that Plaintiff was in violation of the Illinois Sex Offender Registration Act.

Therefore, the Court grants the Fleck Motion, and dismisses the claims against Defendant Fleck.

III.   WOLFF MOTION

Defendant Amy Wolff argues that Plaintiff's claims against her should be dismissed because she is entitled to prosecutorial immunity from suit. Plaintiff has not responded to the Wolff Motion, and the Court assumes he has no objection to it.

Prosecutors are immune from suit for actions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). These activities include "the initiation and pursuit of a criminal prosecution, [and] the presentation of

the state's case at trial . . . ." <u>Mendenhall v. Goldsmith</u>, 59 F.3d 685, 689 (7th Cir. 1995).

Here, Defendant Wolff is immune from suit. Plaintiff alleges that Wolff, in her official capacity as an ASA, filed a "frivolous charge" against him. <u>Complaint</u>, p. 7. The filing of charges against Plaintiff was an official action that initiated a criminal proceeding and therefore was "intimately associated" with the judicial process. See <u>Imbler</u>, 424 U.S. at 430. Wolff is entitled to prosecutorial immunity and, therefore, the Court dismisses Plaintiff's claims against her.

## CONCLUSION

THEREFORE, Defendant Leslie Graves' Motion to Dismiss (d/e 16), Defendant R.J. Fleck's Motion to Dismiss (d/e 19), and Defendant Amy Wolff's Motion to Dismiss (d/e 21) are GRANTED. The Court dismisses Leslie Graves, R.J. Fleck, and Amy Wolff from this lawsuit.

IT IS THEREFORE SO ORDERED.

ENTER: June 18, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE